| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF DURHAM | SUPERIOR COURT DIVISION |
| | FILE NO. 25 CVS _____ |

| | |
|---|---|
| DARRIUS MINNIFIELD, ) | 25CV013466-310 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

NOW COMES Plaintiff, Darrius Minnifield (hereinafter the "Plaintiff"), by and through their counsel of Record to make their allegations known against the Defendant through their complaint that alleges the following:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. All violations by the Defendant were knowing, willful, reckless, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

5. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors,

Electronically Filed Date: 12/12/2025 3:59 PM Durham Superior Court County Clerk of Superior Court

Case 1:26-cv-00070-LPA-LPA Document 4 Filed 04/20/26 Page 2 of 19

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named in this Complaint.

## PARTIES

6. Plaintiff is a natural person who resides in North Carolina. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

7. Defendant Equifax Information Services, LLC (hereinafter "Equifax"), is a For-Profit Limited Liability Company created by or under the law of Georgia who is registered to do business in North Carolina and with a registered agent in North Carolina. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over five hundred thousand consumers in North Carolina, many of whom reside in Durham County, North Carolina.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Equifax pursuant to N.C. GEN STAT. § 75-16, because it does business in Durham County and because it directs its conduct into Durham County.

9. Venue is proper pursuant to N.C. GEN STAT. § 1-80 because Equifax regularly does business in Durham County, including by reporting and maintaining consumer credit files on thousands of individuals who reside in Durham County.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

11. Plaintiff is the victim of inaccurate credit reporting.

12. On information and belief, Plaintiff may be the victim of file mixing.

2

13. Plaintiff, accompanied by his father, visited a bank to open a retirement account and apply for a credit card in Plaintiff's name. During this process, Plaintiff discovered that his Equifax credit report and/or file contained inaccurate information. Specifically, the report listed an incorrect Social Security Number, date of birth, name, and address that likely belonged to another consumer.

14. Upon information and belief, Plaintiff's Equifax credit file may have been mixed with the credit file of another consumer sharing similar personal identifying information, leading to the inaccurate personal identifying information (PII) being reported by Equifax.

15. Plaintiff thereafter attempted to obtain a copy of his credit report from Equifax but was unable to access his report.

16. Upon information and belief, Plaintiff's inability to access his report was due to Equifax's inaccurate reporting that may have been a result of file mixing affecting Plaintiff's credit file.

17. On or around January 17, 2024, Plaintiff received a letter from State Employees' Credit Union, indicating that his loan application was denied due to suspected fraud or misuse on Plaintiff's Equifax report.

18. On or around January 24, 2024, Plaintiff received a second letter from State Employees' Credit Union, stating he had been denied his application due to the absence of a credit file with Defendant Equifax. The letter also stated Plaintiff had no available credit score on file.

19. On or around November 13, 2024, Plaintiff received a third letter from State Employees' Credit Union, again stating that his loan application was denied due to suspected fraud or misuse on Plaintiff's Equifax report.

20. Plaintiff thereafter disputed the inaccurate reporting through a dispute package mailed directly to Equifax via USPS Certified Mail. Plaintiff's dispute package contained a detailed and

3

thorough dispute letter signed by Plaintiff, a copy of Plaintiff's government issued ID, a copy of Plaintiff's social security card, and a copy of Plaintiff's health insurance plan showing his current address for identification verification.

21. Plaintiff's Equifax dispute package was delivered and signed for by an Equifax agent or employee on December 16, 2024.

22. Plaintiff did not receive dispute results from Equifax following its receipt Plaintiff's dispute package.

23. On information and belief, Equifax never processed Plaintiff's dispute package it received on December 16, 2024.

24. On information and belief, Equifax does not employ the number of dispute processing agents sufficient to process the number of consumer disputes it receives within the time periods required by the FCRA.

25. Since Plaintiff's first attempt to access his Equifax credit report, Plaintiff has been unable to access his report due to Equifax's inaccurate credit reporting.

26. On information and belief, Equifax is continuing its inaccurate credit reporting as to Plaintiff as of the date of filing of this Complaint.

27. As a result of Equifax's inaccurate credit reporting, Plaintiff has suffered considerable damages, described in detail below.

## PLAINTIFF'S DAMAGES

28. As a result of Defendant's violations of the FCRA, Plaintiff is entitled to actual, statutory, and punitive damages, along with their attorneys' fees and costs in this matter. Defendant's conduct was such that Defendant acted willfully, intentionally, recklessly, knowingly, and/or negligently in its actions related to Plaintiff.

4

29. The conduct of the Defendant was a direct and/or proximate cause, as well as a substantial factor in bringing about injuries, damages, and harm suffered by Plaintiff. Plaintiff continues to suffer as a result of Defendant's conduct. Plaintiff expects their damages to continue to accrue and be ongoing until they are made whole again if that ever occurs.

30. Defendant, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief permitted by law. Plaintiff has suffered the following types of damages due to the conduct of Defendant:

    a. Emotional damages in the form of mental anguish, humiliation, and embarrassment. As a direct result of Equifax's inaccurate reporting, Plaintiff has experienced significant emotional distress, including debilitating stress and depression. These symptoms have profoundly affected Plaintiff's quality of life, diminishing his ability to enjoy meaningful occasions such as Christmas and birthdays. The emotional toll has been so severe that Plaintiff has sought professional psychological support.

    Following a comprehensive psychological evaluation, Plaintiff was diagnosed with a mild intellectual disability, an adjustment disorder with a depressed mood, and other reactions to severe stress. Plaintiff's inability to access credit due to Equifax's reporting has been a persistent and overwhelming source of distress. Plaintiff is especially vulnerable due to his limited cognitive ability to understand and process complex situations. This vulnerability exacerbates his frustration and depressive symptoms, as he struggles to comprehend why he has been repeatedly denied credit because of Equifax.

b. Financial damages, including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power. As a result of Equifax's inaccurate credit reporting, Plaintiff's creditworthiness has been significantly impaired. Plaintiff was denied both a credit card and a loan from State Employees Credit Union. Plaintiff has been employed since the age of sixteen and has consistently worked to build financial stability. However, due to Equifax's reporting errors, the financial strain caused by these errors has also impacted Plaintiff's personal life, and his overall financial progress has been negatively impacted. Moreover, Plaintiff has been unable to access his credit reports because the security questions used to access his reports are based on his Personal Identifying Information (PII), which is reporting incorrectly on his Equifax report.

31. Plaintiff's damages caused by and through the conduct of Defendant are more generally described as follows:

   c. Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

   d. Financial damages, including credit denials and damage to Plaintiff's creditworthiness, credit reputation, and borrowing power.

   e. All other damages as described above.

32. Plaintiff's damages attributable to Defendant are serious, continuing, and ongoing.

33. Defendant's actions have led to Plaintiff's great detriment and loss and are caused by the conduct of Defendant described herein.

6

## CAUSES OF ACTION

34. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

35. This suit is based upon the Defendant's violations of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages which Plaintiff has suffered.

## VIOLATIONS OF THE FAIR CREDIT REPORTNG ACT (FCRA)

36. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

37. The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

38. Defendant Equifax is a Consumer Reporting Agency pursuant to the FCRA and will be referred to as "the CRA," or "the CRA Defendant."

39. The FCRA defines a "Person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

40. The following conduct of the CRA was a direct and/or proximate cause, as well as a substantial factor in, and/or producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this Complaint. Plaintiff

7

expects their damages caused by the CRA to continue to accrue and be ongoing until Plaintiff is made whole again.

41. The CRA, as defined above, acted in a manner that was willful, intentional, reckless, and/or negligent in its actions related to Plaintiff. As a result of the Defendant's violations of the FCRA, which are listed below, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorneys' fees and costs in this matter.

42. Plaintiff's damages attributable to the CRA are described in detail in paragraphs 26-31 above.

43. Plaintiff's damages attributable to the CRA are serious, continuing, and ongoing.

44. This suit is brought against the Defendant for violations of the FCRA which are the causes of Plaintiff's damages. In all instances of violating the FCRA, Defendant did so willfully, intentionally, recklessly, knowingly, and/or negligently. Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees under 15 U.S.C. §1681n and §1681o.

## COUNT 1:
## 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (Defendant Equifax)

45. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

46. The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

47. The CRA maintained inaccurate information about Plaintiff and prepared credit reports regarding Plaintiff containing inaccurate information, causing Plaintiff to receive credit denials.

8

48. Plaintiff disputed the inaccurate reporting through dispute package mailed directly to Equifax via USPS Certified Mail.

49. Plaintiff never received dispute results from Equifax following its receipt of Plaintiff's dispute package. On information and belief, Equifax continued its inaccurate reporting as to Plaintiff following its receipt of Plaintiff's dispute.

50. Despite actual and implied knowledge that Plaintiff was the victim of inaccurate credit reporting, the CRA readily stored, prepared, reported, and/or sold reports containing inaccurate information about Plaintiff, causing Plaintiff to receive credit denials.

51. The CRA's conduct as to Plaintiff was such that a third party who viewed Plaintiff's credit report could reasonably infer that the inaccurate information being reported by the CRA was accurate, to Plaintiff's great detriment.

52. The CRA Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of a credit file and/or reports they maintained and published about Plaintiff.

53. Had the CRA established and/or followed reasonable procedures to assure maximum possible accuracy of its credit file and/or reports concerning Plaintiff, the CRA would have known that the information being reported about Plaintiff was inaccurate.

54. Plaintiff disputed the inaccurate information through a dispute package mailed directly to the CRA via USPS certified mail. In this dispute package, Plaintiff expressly informed the CRA that Plaintiff was the victim of file mixing, and that the disputed information did not belong to Plaintiff.

55. Had the CRA established and/or followed reasonable procedures to assure maximum possible accuracy of its credit files and/or reports concerning Plaintiff, the CRA would have

9

deleted and/or blocked the reporting of the inaccurate information after being put on notice of the inaccurate credit reporting that may have been a result of file mixing from Plaintiff's dispute package.

## COUNT II:
## 15 U.S.C. § 1681i(a)(1)(A)
## Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute
## (Defendant Equifax)

56. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

57. The FCRA provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.... before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

58. Plaintiff disputed the inaccurate information through a dispute package mailed directly to the CRA via USPS certified mail. In this dispute package, Plaintiff expressly informed the CRA that Plaintiff was the victim of inaccurate credit reporting that may have been a result of file mixing, and that the disputed information did not belong to Plaintiff. Plaintiff included a copy of his driver's license, a copy of his social security card, and a copy of his health insurance plan showing his current address for identification verification.

59. Plaintiff's dispute package contained more than enough information for the CRA to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting, and that the inaccurate information had been erroneously placed on Plaintiff's credit reports because of

Equifax's own negligence and inaccurate credit reporting that may have been a result of file mixing. Plaintiff sent Equifax a copy of her driver's license and social security card. Equifax intentionally and recklessly ignored these documents and left Plaintiff's credit file in its mixed status causing substantial harm to Plaintiff.

60. After waiting more than thirty (30) days from the date that Equifax received Plaintiff's dispute package, Plaintiff attempted to access their Equifax credit report but was still unable to do so. On information and belief, this is due to Equifax's inaccurate credit reporting that may have been a result of the mixing of Plaintiff's file with the credit file of another consumer.

61. Plaintiff did not receive dispute results from Equifax following its receipt of Plaintiff's Equifax dispute package on December 16, 2024.

62. Upon information and belief, this is due to the fact that Equifax did not conduct an investigation into Plaintiff's dispute package, in violation of 15 U.S.C. § 1681i(a)(1)(A).

63. On information and belief, Equifax is continuing its inaccurate credit reporting as to Plaintiff as of the date of filing of this Complaint. Plaintiff provided the CRA with ample information to show that the disputed information was the product of inaccurate credit reporting. Had Equifax conducted a reasonable investigation in accordance with the requirements imposed by the FCRA, it would have deleted and/or corrected the inaccurate information on Plaintiff's credit file before the end of the thirty (30) day period.

### COUNT III:
### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendant Equifax)

64. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

11

65. The FCRA provides that "[i]n conducting any reinvestigation under [15 U.S.C. § 1681i(a)(1)], with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the [30-day] period described in [15 U.S.C. § 1681i(a)(1)(A)] with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

66. Plaintiff disputed the inaccurate information through a dispute package mailed directly to the CRA via USPS certified mail. In this dispute package, Plaintiff expressly informed the CRA that Plaintiff was the victim of inaccurate credit reporting that may have been a result of file mixing, and that the disputed information did not belong to Plaintiff. Plaintiff included a copy of his driver's license, a copy of his social security card, and a copy of his health insurance plan showing his current address for identification verification.

67. Plaintiff's dispute package contained more than enough information for the CRA to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting, and that the inaccurate information had been erroneously placed on Plaintiff's credit reports because of Equifax's own negligence and inaccurate credit reporting that may have been a result of file mixing. Plaintiff sent Equifax a copy of his driver's license and social security card. Equifax intentionally and recklessly ignored these documents and continued its inaccurate reporting, causing substantial harm to Plaintiff.

68. On information and belief, Equifax is continuing its inaccurate credit reporting as to Plaintiff as of the date of filing of this Complaint.

69. Plaintiff, through their dispute package, provided the CRA with documents sufficient to show that Plaintiff was the victim of inaccurate credit reporting, however, the CRA failed to review and consider all relevant documents submitted by Plaintiff, in violation of 15 U.S.C. § 1681i(a)(4).

Had the CRA acted in accordance with the investigation requirements imposed by the FCRA and reviewed and considered each document contained in Plaintiff's dispute package, it would have been easy for the CRA to determine that Plaintiff was the victim of inaccurate credit reporting that may have been a result of file mixing and delete and/or suppress the disputed information accordingly.

## COUNT IV:
## 15 U.S.C. § 1681i(a)(5)(A)
## Failure to Delete and/or Modify the Disputed Information
## (Defendant Equifax)

70. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

71. The FCRA provides that:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>
> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

15 U.S.C. §1681i(a)(5)(A).

72. Plaintiff disputed the inaccurate information through a dispute package mailed directly to the CRA via USPS certified mail. In this dispute package, Plaintiff expressly informed the CRA that Plaintiff was the victim of inaccurate credit reporting that may have been a result of file mixing, and that the disputed information did not belong to Plaintiff. Plaintiff included a copy of

13

his driver's license, a copy of his social security card, and a copy of his health insurance plan showing his current address for identification verification.

73. Plaintiff's dispute package contained more than enough information for the CRA to investigate and find that Plaintiff was, in fact, the victim of inaccurate credit reporting, and that the inaccurate information had been erroneously placed on Plaintiff's credit reports because of Equifax's own negligence and inaccurate credit reporting that may have been a result of file mixing. Plaintiff sent Equifax a copy of her driver's license and social security card. Equifax intentionally and recklessly ignored these documents and continued its in

74. After waiting more than thirty (30) days from the date that Equifax received Plaintiff's dispute package, Plaintiff attempted to access their Equifax credit report but was still unable to do so. On information and belief, this is due to Equifax's inaccurate credit reporting that may have been a result of Equifax's mixing of Plaintiff's credit file with that of another consumer.

75. Plaintiff did not receive direct dispute results from Equifax following its receipt of Plaintiff's Equifax dispute package on December 16, 2024. Upon information and belief, this is due to the fact that Equifax did not conduct an investigation into Plaintiff's dispute.

76. Upon information and belief, Equifax failed to promptly delete the disputed information from Plaintiff's credit file and/or credit reports, in violation of 15 U.S.C. §1681i(a)(5)(A).

77. On information and belief, Equifax is continuing its inaccurate credit reporting as to Plaintiff as of the date of filing of this Complaint.

78. Had the CRA conducted a reasonable investigation into Plaintiff's dispute as required by statute, it would have easily found that Plaintiff was the victim of inaccurate credit reporting that may have been caused by file mixing and promptly deleted and/or modified the disputed items

14

from Plaintiff's credit file and/or credit reports in accordance with the FCRA. Instead, the CRA continued its inaccurate credit reporting about Plaintiff, to Plaintiff's great detriment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a trial by jury and a judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. § 1681;

b. Statutory damages pursuant to 15 U.S.C. § 1681;

c. Punitive damages pursuant to 15 U.S.C. § 1681;

d. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o,

e. Such other and further relief as may be necessary, just and proper.

Dated: December 12, 2025

    Respectfully Submitted,

**MAGINNIS HOWARD**

**BY:** */s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Telephone: 919-526-0450
Fax: 919-882-8763
kgwaltney@carolinalaw.com

*Attorney for Plaintiff*

**RABURN KAUFMAN**

/s/Kyle Kaufman
Kyle Kaufman
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 39232

Raburn Kaufman, LLC
8570 Anselmo Lane
Baton Rouge, Louisiana 70810
kkaufman@raburnkaufman.com
Telephone: 225-412-2777

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
Raburn Kaufman, LLC
8570 Anselmo Lane
Baton Rouge, Louisiana 70810
jraburn@raburnkaufman.com
Telephone: 225-412-2777

*Pro Hac Vice Forthcoming*
*Attorneys for Plaintiff*

| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| DURHAM COUNTY | SUPERIOR COURT DIVISION |
| | FILE NO. 25CV013466-310 |

DARRIUS MINNIFIELD,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.

**AFFIDAVIT OF SERVICE BY CERTIFIED MAIL**

Karl S. Gwaltney, attorney for Plaintiff being first duly sworn, deposes and says that:

1. On December 12, 2025, the Complaint in this action was filed against Equifax Information Services, LLC ("Defendant").

2. On December 12, 2025, an Original Summons was issued to Defendant. A true and accurate copy of the Summons is attached hereto as **Exhibit A**.

3. On December 15, 2025, copies of the Complaint and Summons were submitted to the United States Postal Service for service via Certified Mail pursuant to Rule 4(j)(6)(c) of the North Carolina Rules of Civil Procedure and addressed as follows:

   Equifax Information Services, LLC
   c/o Corporation Service Company, Registered Agent
   2626 Glenwood Avenue, Suite 550
   Raleigh, NC 27608

4. On December 19, 2025, copies of the Complaint and Summons were in fact served by the United States Postal Service via Certified Mail as evidenced by the Certified Mail Receipt attached hereto as **Exhibit B**.

5. Further the Affiant sayeth not.

THIS the 6 day of January, 2026.

                                               **MAGINNIS HOWARD**

                                 By:   */s/ Karl S. Gwaltney*
                                               KARL S. GWALTNEY
                                               N.C. State Bar No. 45118
                                               7706 Six Forks Road, Suite 101
                                               Raleigh, NC 27615
                                               Phone: 919-526-0450
                                               Fax: 919-882-8763
                                               kgwaltney@carolinalaw.com
                                               *Attorney for Plaintiff*

GM

Sworn to and subscribed before me by Karl S. Gwaltney,
this the 6th day of January, 2026.

_Christina D. Morgan_, Notary Public

My Commission Expires: 8/11/27



## CERTIFICATE OF SERVICE

The Undersigned counsel for Plaintiff hereby certifies that he has this day caused a copy of the foregoing **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL** to be deposited, postage prepaid, in the exclusive possession of the United States Post Office, addressed as follows:

Heather Sharp
Samin Hessami
**SEYFARTH SHAW LLP**
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309

This the 6 day of January, 2026.

                              **MAGINNIS HOWARD**

                By: _____
                         Karl S. Gwaltney

                         *Attorney for Plaintiff*